# Exhibit A



# Notice of Service of Process

**TV / ALL**
**Transmittal Number: 23053102**
**Date Processed: 04/14/2021**

| | |
|---|---|
| **Primary Contact:** | SOP Team nwsop@nationwide.com<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215-2410 |
| **Electronic copy provided to:** | Ashley Roberts |
| **Entity:** | Nationwide Property And Casualty Insurance Company<br>Entity ID Number 3286574 |
| **Entity Served:** | Nationwide Property and Casualty Insurance Company |
| **Title of Action:** | GMR Partners LLC d/b/a Schlotzsky's Deli vs. Nationwide Property and Casualty Insurance Company |
| **Matter Name/ID:** | GMR Partners LLC d/b/a Schlotzsky's Deli vs. Nationwide Property and Casualty Insurance Company (11139750) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Grayson County District Court, TX |
| **Case/Reference No:** | CV-21-0439 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 04/13/2021 |
| **Answer or Appearance Due:** | 10 o'clock a.m. of the Monday next following the expiration of Twenty (20) days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Chad T Wilson Law Firm PLLC<br>n/a |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

KELLY ASHMORE  
DISTRICT CLERK  
JUSTICE CENTER, 200 S. CROCKETT  
SHERMAN, TEXAS 75090

Chad T. Wilson  
455 E Medical Center Blvd Ste 555  
Webster TX  77598

# CITATION

## The State of Texas

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Nationwide Property & Casualty Insurance Company  
Registered Agent: Corporation Service Company  
211 E. 7th Street, Suite 620  
Austin, TX 78701-3218

Greetings:

You are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE at or before ten o'clock a.m. on the Monday after the expiration of twenty days after the date of service of this citation before the Honorable 15th District Court of Grayson County, Texas at the Justice Center of said County in Sherman, Texas. Said Plaintiff's Petition was filed in said court on the 7th day of April, 2021, this case, numbered CV-21-0439 on the docket of said court, and styled:

GMR Partners, LLC d/b/a Schlotzsky's Deli, VS. Nationwide Property and Casualty Insurance Company

The nature of the Plaintiff's demand is fully shown by a true and correct copy of the PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE, accompanying this citation and make a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under hand and seal of said court at Sherman, Texas, 8th day of April, 2021.

**Kelly Ashmore**  
District Clerk  
Grayson County, Texas

*Amber Faber*  
Deputy

CV-21-0439

## SHERIFF'S RETURN

Came to hand on _____ day of _____, _____, at _____ O'clock _____. And executed in _____ County, Texas by delivering to each of the within-named defendant(s), in Person, a true copy of this citation, having first endorsed thereon the date of delivery, Together with the accompanying true and correct copy of the Plaintiff's Petition, at The following times and places, to-wit:

| NAME | Date Yr-Day-Yr | Time | Place, Course, Dist from Court House |
|---|---|---|---|
| | | | |

Type of Service: Personal   Posting   Publication   Other
Type of Paper: _____

And not executed as to the defendant, _____ the
Diligence used in finding said defendant being _____ and
The cause of failure to execute this process is _____ and
The information received as to the whereabouts of the said defendant _____

Fees – Serving _____
_____, County, Texas


_____
Sheriff/Constable/Police Chief


_____
Deputy

## UNSERVED RETURN

Came to hand on _____, _____ at _____ am/pm and was returned un-served to the issuing court after the following service attempts:

Date/Time           Location           Notes


Fees – Serving _____
_____, County, Texas


_____
Sheriff/Constable/Police Chief


_____
Deputy

### VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)

State of Texas
County of _____

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned Notary Public,
by_____, this _____ day of _____, 20_____.

FILED
4/7/2021 9:51 AM
Kelly Ashmore
District Clerk
Grayson County

CAUSE NO. CV-21-0439 _____

| | | |
|---|---|---|
| GMR PARTNERS, LLC D/B/A<br>SCHLOTZSKY'S DELI<br>*Plaintiff,*<br><br>vs.<br><br>NATIONWIDE PROPERTY AND<br>CASUALTY INSURANCE COMPANY<br>*Defendant.* | )(<br>)(<br>)(<br>)(<br>)(<br>)(<br>)(<br>)(<br>)( | IN THE DISTRICT COURT OF<br><br><br>GRAYSON COUNTY, TEXAS<br><br>Grayson County - 15th District Court<br><br>_____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, GMR Partners, LLC d/b/a Schlotzsky's Deli (hereinafter referred to as "Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of Nationwide Property & Casualty Insurance Company (hereinafter referred to as "Nationwide" or "Defendant") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4.

### PARTIES

2. Plaintiff, GMR Partners, LLC d/b/a Schlotzsky's Deli resides in Grayson County, Texas.

3. Defendant, Nationwide Property & Casualty Insurance Company, is a foreign insurance company, engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon Nationwide Property & Casualty Insurance Company by serving its registered agent for service of process in the State of Texas: **Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.** Plaintiff requests

service at this time.

## JURISDICTION

4. The Court has jurisdiction over Nationwide because it engages in the business of insurance in the State of Texas, and the causes of action arise out of Nationwide's business activities in the state, including those in Grayson County, Texas, with reference to this specific case.

## VENUE

5. Venue is proper in Grayson County, Texas because the insured property is located in Grayson County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Grayson County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

6. Plaintiff asserts claims for breach of contract, common law bad faith, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7. Plaintiff owns a Nationwide Property & Casualty Insurance Company insurance policy number ACP BPFK3046595158 (the "Policy"). At all relevant times, Plaintiff owned the insured premises located at 3124 Regency Lane, Denison, Texas 75020. (the "Property").

8. Nationwide Property & Casualty Insurance Company sold the Policy to Plaintiff and the Policy insures the Property. Nationwide Property & Casualty Insurance Company represented to Plaintiff that the Policy included hail and windstorm coverage.

9. On or about April 15, 2019 the Property sustained extensive damage resulting from a severe storm that passed through the Denison, Grayson County, Texas area.

10. In the aftermath of the hail and windstorm, Plaintiff submitted a claim to Nationwide against the Policy for damage to the Property. Nationwide assigned claim number 301446-GJ to Plaintiff's claim.

11. Plaintiff asked Nationwide to cover the cost of damage to the Property pursuant to the Policy.

12. Nationwide hired or assigned its agent to inspect and adjust the claim. Defendant found not covered cause of loss that caused covered damages to the Property. Plaintiff has been paid zero dollars on the claim.

13. Nationwide conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

14. Nationwide has ultimately refused coverage which includes, but is not limited to, replacement of the roof and damage to the HVAC. Specifically, a third-party inspector found covered damages totaling $86,477.81.

15. As stated above, Nationwide and improperly and unreasonably adjusted Plaintiff's claim. Without limitation, Nationwide misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy.

16. Nationwide made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Nationwide and made these false representations with the intent that Plaintiff act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared.

17. Plaintiff relied on Nationwide's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.

18. Upon receipt of the inspection and estimate reports from, Nationwide failed to assess the claim thoroughly. Based upon Nationwide's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Nationwide failed to provide coverage due under the Policy, and Plaintiff suffered damages.

19. Because Nationwide failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiff's Property.

20. Furthermore, Nationwide and failed to perform their contractual duties to Plaintiff under the terms of the Policy. Specifically, Nationwide performed an unreasonable and substandard inspection that allowed Nationwide to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

21. Nationwide's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

22. Nationwide's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). Nationwide has failed to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Specifically, Nationwide has failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

23. Nationwide's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). Nationwide failed to provide Plaintiff a reasonable explanation for underpayment of the claim.

24. Additionally, after Nationwide received a statutory demand on January 27, 2021. Nationwide has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

25. Nationwide's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Nationwide performed a biased and intentionally substandard inspection designed to allow Nationwide to refuse to provide full coverage to Plaintiff under the Policy.

26. Specifically, Nationwide performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

27. Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Due to a subpar inspection,

Nationwide failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information.

28. Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to Nationwide's intentional undervaluation of Plaintiff's claims, Nationwide failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim.

29. Nationwide's wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

## CAUSES OF ACTION

30. All paragraphs from the fact section of this petition are hereby incorporated into this section.

### BREACH OF CONTRACT

31. Nationwide is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Nationwide and Plaintiff.

32. Nationwide's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Nationwide's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

33. Nationwide's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

34. Nationwide's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

35. Nationwide's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Nationwide liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

36. Nationwide's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

37. Nationwide's unfair settlement practice of refusing to pay Plaintiff's full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

38. Nationwide's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

39. Nationwide's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

40. Nationwide's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

41. Nationwide's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, even though Nationwide knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

42. Nationwide's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Nationwide pursuant to the DTPA. Plaintiff has met all conditions precedent to bring this cause of action against Nationwide. Specifically, Nationwide violations of the DTPA include, without limitation, the following matters:

    A. By its acts, omissions, failures, and conduct, Nationwide has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Nationwide's violations include, (1) unreasonable delays in the investigation, adjustment, and

8

resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B. Nationwide represented to Plaintiff that the Policy and Nationwide's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C. Nationwide represented to Plaintiff that Nationwide's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D. Nationwide advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E. Nationwide breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F. Nationwide actions are unconscionable in that Nationwide took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Nationwide unconscionable conduct gives Plaintiff a right to relief under section 17.50(a) (3) of the DTPA; and

G.  Nationwide conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

43. Each of the above-described acts, omissions, and failures of Nationwide is a producing cause of Plaintiff's damages. All of Nationwide acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## KNOWLEDGE

44. Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

45. Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

46. The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claims in violation of the laws set forth above.

47. Plaintiff currently estimates that actual damages to the Property under the Policy are $86,477.81.

48. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above-described acts, omissions, failures, and conduct of Defendant has caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

49. For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claims, consequential damages, together with attorney's fees.

50. For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times his actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b)(1).

51. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claims, plus an eighteen percent (18%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

52. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Nationwide owed, exemplary damages, and damages for emotional distress.

53. Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct, and to set an example to deter Defendants and others from committing similar acts in the future.

54. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

55. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief over $200,000.00 but no more than $800,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually

awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

56. Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendant disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

57. Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Grayson County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendant be cited and served to appear, and that upon trial hereof, Plaintiff recover from Defendant such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiff may show itself justly entitled.

Respectfully submitted,

CHAD T. WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Patrick C. McGinnis
Bar No. 13631900
455 E Medical Center Blvd
Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile:  (281) 940-2137
eService to:
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
pmcginnis@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

LEGAL DOCUMENT MANAGEMENT
5930 LBJ FREEWAY SUITE 307
DALLAS, TEXAS 75240



US POSTAGE
$08.05
First-Class
Mailed From 75240
04/09/2021
032A 0061855100

CORPORATION SERVICE COMPANY
211 E. 7th STREET., #620
AUSTIN, TEXAS 78701