IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GMR PARTNERS, LLC D/B/A | § | |
| SCHLOTZKY'S DELI | § | |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:21-cv-00338 |
| NATIONWIDE PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY | § | |
|     *Defendant.* | § | |

## NOTICE OF REMOVAL

Defendant Nationwide Property and Casualty Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *GMR Partners, LLC d/b/a Schlotzky's Deli v. Nationwide Property and Casualty Insurance Company*; Cause No. CV-21-0439; In the 15th Judicial District of Grayson County, Texas.

## I.
## BACKGROUND

Plaintiff GMR Partners, LLC d/b/a Schlotzky's Deli (hereinafter "Plaintiff") initiated the present action by filing its Original Petition in Cause No. CV-21-0439; In the 15th Judicial District of Grayson County, Texas on April 7, 2021 (the "State Court Action"). *See* Plaintiff's Original Petition, attached as **Exhibit A**.

1.    Defendant appeared and answered on April 30, 2021, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition. *See* Defendant's Original Answer, attached as **Exhibit B**.

2.      Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**. Pursuant to Local Rule 81(c)(2), the State Court Action docket sheet is attached as **Exhibit C** and a full copy of the state court file has been requested and will be filed upon receipt.

3.      Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through his attorney of record, and to the clerk of the 15th Judicial District Court of Grayson County, Texas.

4.      Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

5.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.      Diversity of Parties**

6.      Plaintiff is a Texas limited liability company based in Texas.[1] Citizenship of a limited liability company is determined by the citizenship of all of its members.[2] A diligent search of publicly available information on the members of GMR Partners, LLC has been conducted and Tapas Mondal of Plano, Texas and Mayeedur Rahman of Plano, Texas are the only two

---

[1] Plaintiff's Original Petition states that Plaintiff resides in Grayson County, Texas. *See* **Exhibit A**, Plaintiff's Original Petition, at ¶ 2.

[2] *MidCap Media Finance,* 929 F.3d at 314; *Harvey,* 542 F.3d at 1080.

current members identified in public records. Tappan Guma, of McKinny, Texas, is identified as a former owner as of 2016. The Certificate of Formation for GMR Partners, LLC from 2013 does not indicate any other former or potential additional members.

7.    After a diligent search of publicly available information, Tapas Mondal of Plano, Texas and Mayeedur Rahman of Plano, Texas are citizens of the State of Texas. No other members of GMR Partners, LLC were discovered through a diligent search and review of publicly available records and Nationwide has no reason to believe that any members share the citizenship of Nationwide. Based on information and belief after diligent inquiry, and pursuant to 28 U.S.C. § 1332(a), Plaintiff GMR Partners, LLC is a citizen of the state of Texas.

8.    Nationwide Property and Casualty Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Ohio.  Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the State of Ohio.

9.    Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.    Amount in Controversy**

10.    It is facially apparent from Plaintiff's live petition that the amount in controversy in this case exceeds $75,000 rendering removal proper. Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[3] Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount.[4] In

---

[3] 28 U.S.C. § 1446(c)(2); *see also Santiago v. State Farm Lloyds*, No. 7:13-CV-83, 2013 WL 1880845, at *1 (S.D. Tex. May 3, 2013).

[4] *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

addition, penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[5]

11.     Here, Plaintiff seeks "monetary relief over $200,000 but not more then $800,000." Exhibit B, Plaintiff's Original Petition, at ¶ 55. The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiff's Original Petition

12.     Plaintiff further seeks compensation for (1) actual damages, (2) treble damages, (3) attorney's fees; and (4) pre- and post-judgment interest. Exhibit B, Plaintiff's Original Petition, at ¶ 49-54. Plaintiff has alleged that Defendant's conduct was wrongful and done knowingly, entitling him to a trebling of actual damages under Texas Insurance Code Chapter 541.  *See* **Exhibit A, ¶** 50; Tex. Ins. Code sections 541.002 & 541.152.  Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[6]

13.     The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibit A**.  Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.
### CONCLUSION

14.     Removal of this action under 28 U.S.C. § 1441 is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

15.     WHEREFORE, Defendant Nationwide Property and Casualty Insurance Company hereby provides notice that this action is duly removed.

---

[5] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

[6] *See Id.*

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANT
NATIONWIDE PROPERTY AND CASUALTY
INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CM/ECF and Certified Mail this the 30th day of April, 2021 to:

Chad T. Wilson                          ***#9414 7266 9904 2178 2238 59***
Patrick C. McGinnis
Chad T. Wilson Law
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
pmcginnis@cwilsonlaw.com

*/s/ Patrick M. Kemp*
Patrick M. Kemp