IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| GMR PARTNERS, LLC D/B/A )( <br> SCHLOTZSKY'S DELI )( <br>     *Plaintiff*, )( <br> )( <br> vs. )( <br> )( <br> NATIONWIDE PROPERTY AND )( <br> CASUALTY INSURANCE COMPANY )( <br>     *Defendant.* )( | CIVIL NO. 4:21-CV-338-SDJ |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, GMR Partners, LLC d/b/a Schlotzsky's Deli (hereinafter referred to as "Plaintiff"), and pursuant to [Doc. 5] files **Plaintiff's Amended Complaint**, complaining of Nationwide Property & Casualty Insurance Company (hereinafter referred to as "Nationwide" or "Defendant") and for cause of action, Plaintiff respectfully shows the following:

### PARTIES

1. Plaintiff, GMR Partners, LLC d/b/a Schlotzsky's Deli resides in Grayson County, Texas.

2. Defendant, Nationwide Property & Casualty Insurance Company, is a foreign insurance company, engaged in the business of insurance in the State of Texas and is properly before this court.

### JURISDICTION

3. This case was removed from the 15th Judicial District Court by the Defendant on the basis of diversity of citizenship jurisdiction.

### VENUE

4. Plaintiff is a resident of this district and division and the acts giving rise to this action

occurred in this district and division.

## FACTS

5. Plaintiff asserts claims for breach of contract, common law bad faith, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

6. Plaintiff owns a Nationwide Property & Casualty Insurance Company insurance policy number ACP BPFK3046595158 (the "Policy"). At all relevant times, Plaintiff owned the insured premises located at 3124 Regency Lane, Denison, Texas 75020. (the "Property").

7. Nationwide Property & Casualty Insurance Company sold the Policy to Plaintiff and the Policy insures the Property. Nationwide Property & Casualty Insurance Company represented to Plaintiff that the Policy included hail and windstorm coverage.

8. During the Policy period the Property sustained extensive damage resulting from a severe storm that passed through the Denison, Grayson County, Texas area.

9. In the aftermath of the hail and windstorm, Plaintiff submitted a claim to Nationwide against the Policy for damage to the Property. Nationwide assigned claim number 301446-GJ to Plaintiff's claim.

10. Plaintiff asked Nationwide to cover the cost of damage to the Property pursuant to the Policy.

11. Nationwide hired or assigned its agent to inspect and adjust the claim. Defendant found limited covered cause of loss that caused limited covered damages to the Property totaling $11,403.06 replacement cost value. Plaintiff has been paid $8,914.93 on the claim.

12. Nationwide conducted a substandard and improper inspection of the Property, which

grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

13. Nationwide has ultimately refused coverage which includes, but is not limited to, replacement of the roof and damage to the HVAC. Specifically, a third-party inspector found covered damages totaling $86,477.81.

14. Comparing the Defendant's estimate to the estimate prepare for the Plaintiff, it is clear that the Defendant completely ignored damages to Plaintiff's roof and only paid for repairs to roof flashing and an HVAC unit. However, it is clear that Plaintiff's roof field was damaged. It is also clear that Defendant undervalued the damages to Plaintiff's HVAC systems. These differences are beyond a simple disagreement or misunderstanding as to the scope of damages. Defendant intentionally and actively ignored damages and undervalued the claim.

15. As stated above, Nationwide and improperly and unreasonably adjusted Plaintiff's claim. Without limitation, Nationwide misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy.

16. Nationwide made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Nationwide and made these false representations with the intent that Plaintiff act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared.

17. Plaintiff relied on Nationwide's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's

Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.

18. Upon receipt of the inspection and estimate reports from, Nationwide failed to assess the claim thoroughly. Based upon Nationwide's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Nationwide failed to provide coverage due under the Policy, and Plaintiff suffered damages.

19. Because Nationwide failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiff's Property.

20. Furthermore, Nationwide and failed to perform their contractual duties to Plaintiff under the terms of the Policy. Specifically, Nationwide performed an unreasonable and substandard inspection that allowed Nationwide to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

21. Nationwide's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

22. Nationwide's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). Nationwide has failed to settle

       Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Specifically, Nationwide has failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

23. Nationwide's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). Nationwide failed to provide Plaintiff a reasonable explanation for underpayment of the claim.

24. Additionally, after Nationwide received a statutory demand on January 27, 2021. Nationwide has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

25. Nationwide's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Nationwide performed a biased and intentionally substandard inspection designed to allow Nationwide to refuse to provide full coverage to Plaintiff under the Policy.

26. Specifically, Nationwide performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

27. Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Due to a subpar inspection, Nationwide failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information.

28. Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to Nationwide's intentional undervaluation of Plaintiff's claims, Nationwide failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim.

29. Nationwide's wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

## CAUSES OF ACTION

30. All paragraphs from the fact section of this petition are hereby incorporated into this section.

## BREACH OF CONTRACT

31. Nationwide is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Nationwide and Plaintiff.

32. Nationwide's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Nationwide's insurance contract with Plaintiff.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

33. Nationwide's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

34. Nationwide's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

35. Nationwide's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Nationwide liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

36. Nationwide's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

37. Nationwide's unfair settlement practice of refusing to pay Plaintiff's full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)

**NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
THE PROMPT PAYMENT OF CLAIMS**

38. Nationwide's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

39. Nationwide's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

40. Nationwide's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

41. Nationwide's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, even though Nationwide knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

42. Nationwide's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Nationwide pursuant to the DTPA. Plaintiff has met all conditions precedent to bring this cause of action against Nationwide. Specifically, Nationwide violations of the DTPA include, without limitation, the following matters:

   A. By its acts, omissions, failures, and conduct, Nationwide has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Nationwide's violations include, (1) unreasonable delays in the investigation, adjustment, and

    resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.     Nationwide represented to Plaintiff that the Policy and Nationwide's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.     Nationwide represented to Plaintiff that Nationwide's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.     Nationwide advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.     Nationwide breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F.     Nationwide actions are unconscionable in that Nationwide took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Nationwide unconscionable conduct gives Plaintiff a right to relief under section 17.50(a) (3) of the DTPA; and

9

G.   Nationwide conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

43. Each of the above-described acts, omissions, and failures of Nationwide is a producing cause of Plaintiff's damages.  All of Nationwide acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## KNOWLEDGE

44. Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

45. Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

46. The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiff.  These damages are a direct result of Defendant's mishandling of Plaintiff's claims in violation of the laws set forth above.

47. Plaintiff currently estimates that actual damages to the Property under the Policy are $86,477.81.

10

48. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above-described acts, omissions, failures, and conduct of Defendant has caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

49. For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claims, consequential damages, together with attorney's fees.

50. For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times his actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b)(1).

51. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claims, plus an eighteen percent (18%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

52. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Nationwide owed, exemplary damages, and damages for emotional distress.

53. Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct, and to set an example to deter Defendants and others from committing similar acts in the future.

54. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

**JURY DEMAND**

55. Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Grayson County, Texas. Plaintiff hereby tenders the appropriate jury fee.

**PRAYER**

Plaintiff prays that Defendant be cited and served to appear, and that upon trial hereof, Plaintiff recover from Defendant such sums as would reasonably and justly compensate Plaintiff

in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiff may show itself justly entitled.

        Respectfully submitted,

        CHAD T. WILSON LAW FIRM PLLC

        By: /s/ *Patrick C. McGinnis*

Chad T. Wilson
Bar No. 24079587
Patrick C. McGinnis
Bar No. 13631900
455 E Medical Center Blvd
Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile:  (281) 940-2137
eService to:
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
pmcginnis@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of *Plaintiff's First Amended Complaint* has been forwarded to counsel of record via Certified U.S. Mail, facsimile, hand delivery, or electronic service on this 11th day of May 2021.

**SEGAL MCCAMBRIDGE SINGER & MAHONEY**

Patrick Kemp
pkemp@smsm.com
Robert Wall
rwall@smsm.com
100 Congress Avenue
Suite 800
Austin, Texas 78701
T-512.476.7834
F-512.476.7832
*ATTORNEYS FOR DEFENDANTS*

                                                               /s/ *Patrick C. McGinnis*
                                                               Patrick C. McGinnis